# Hitchcock *v.* Amity Township, Appellant.

*Negligence—Township—Dangerous road.*

In an action against a township to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where the evidence tends to show that at the point where the accident occurred the township had constructed a culvert under a public road, and in doing so had left on one side of the road an embankment extending

about sixteen feet, that this embankment was about four feet high at its highest place and was supported by a retaining wall, but had no guard rail or barrier, that the traveled portion of the road at this point was about fifteen feet wide, that the plaintiff was driving a one-horse wagon, that his horse became frightened, and the wagon with plaintiff in it was carried over the embankment, that plaintiff was familiar with the road, and that the accident happened in broad daylight.

Argued April 30, 1901. Appeal, No. 1, Jan. T., 1901, by defendant, from judgment.of C. P. Erie Co., Sept. T., 1899, No. 76, on verdict for plaintiff in case of Emmett Hitchcock v. Amity Township. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Walling, P. J.

At the trial it appeared that on September 21, 1898, plaintiff while driving a one-horse wagon over the Lyons road, in broad daylight, was thrown over an embankment and sustained personal injuries. At the point where the accident occurred the township had in the previous year constructed a culvert, at the east end of which a bank was left supported by a small retaining wall. This bank or wall was about four feet high at its highest place, and extended along the road for about sixteen feet. The traveled portion of the road at this point was about fifteen feet wide. There was no guard rail or barrier along the embankment. Plaintiff's horse became frightened and in shying the wagon with plaintiff in it was carried over the embankment. The road was familiar to plaintiff and there was some evidence which tended to show, that he was driving very close to the edge of the embankment.

The court refused binding instructions for plaintiff, and submitted the case to the jury.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. W. Sproul*, with him *C. L. Baker*, for appellant.

*George A. Allen*, with him *A. B. Ottoway* and *L. Rosenzweig*, for appellee.

PER CURIAM, July 17, 1901:

This was an action of trespass to recover damages for personal injuries caused to and received by the plaintiff by reason of the defective, dangerous and unsafe condition of a certain public road in the township of Amity.    On the trial of the case a verdict for the plaintiff of $3,000 was rendered by the jury. The court below refused to grant a new trial and an appeal was taken to this court.    The only specification of error on the appeal was "that under all the evidence the verdict must be for the defendant."    The testimony in the case, however, was such as compelled a reference of it to the jury, and a withdrawal of it from their consideration would have been palpable error. This appears in the charge of the court and its refusal to grant a new trial.    The case was fairly presented to the jury and there was no error in their verdict or in the refusal of the court to order another trial.

Judgment affirmed.